IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGIE VIGIL,

    Plaintiff,

v.                                                      Civ. No. 10-00048 BB/RLP

NEW MEXICO DEPARTMENT OF
TRANSPORTATION, and JOE S.
GARCIA, Individually, as Construction
Bureau Chief for the Department of
Transportation,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Expedited Motion to Compel Discovery.[1] In 2005 Plaintiff was hired as an Administrator in the Construction Bureau of the New Mexico Department of Transportation (DOT). Defendant Garcia was her supervisor and allegedly made unwelcome sexual advances. Plaintiff requested a transfer out of Garcia's department, which was rejected. In 2008 Plaintiff filed an internal complaint with the DOT. She alleges they conducted an inadequate investigation. Prior to the investigation being completed, she refused an offer of a lateral transfer. At the conclusion of the investigation Garcia was, according to Plaintiff, once again sent to classes concerning sexual harassment in the workplace. No formal action was taken against Garcia.

---

[1] Counsel's first submission contained all discovery requests and then all of the discovery responses and by Minute Order the Court requested, as provided in the Local Rules, solely the discovery responses that are at issue in the case, not a copy of each and every request and each and every response whether at issue or not.

After the claim of sexual harassment, Plaintiff allegedly uncovered some falsification of time sheets with another employee, which she reported. She alleges that the DOT's failure to address this situation, together with Garcia's behavior towards her, caused her to resign her employment. She alleges sexual harassment, discrimination, and constructive discharge under Title VII.

Plaintiff served interrogatories and requests for production of documents on Garcia and the DOT. She moves to compel, alleging that the discovery responses are improper. Each will be addressed in turn.

<u>Interrogatory No. 5 served on Defendant Garcia</u>. This interrogatory requests Garcia to identify by name, address and telephone number every female employed by the DOT who worked in Garcia's division, including independent contractors and temporary employees. Garcia's first response was that he didn't keep such records. His supplemental response listed certain female employees with whom he had worked from 2005 to 2007; he denied having their addresses or telephone numbers.

Garcia claims that he was worked for the DOT for fifteen years and that the request was overbroad and he limited it to the five years Plaintiff also worked at the DOT. The Court is unsure as to what remains at issue. Certainly the DOT's files would be a better source for names, addresses, and phone numbers. The five-year limitation is not unreasonable.

The remaining discovery requests are all to the DOT.

<u>Interrogatory Nos. 1 and 2</u> These interrogatories request (1) the names, addresses and phone numbers of "each and every individual who was employed by the DOT" and worked in the same office as Garcia; and (2) the chain of command in effect during

Garcia's tenure with the DOT. Both interrogatories were objected to as overbroad and unduly burdensome, as Garcia has worked for the DOT for over a decade. Then the DOT, in response to Interrogatory No. 1, referred Plaintiff to its answer to Interrogatory No. 2. Interrogatory No. 2 listed several individuals (absent the addresses and phone numbers) and further referred Plaintiff to Interrogatory No. 3 for the identity of more individuals.

Defendant DOT shall supply the addresses and telephone numbers of the employees and, with regard to Interrogatory No. 2, supply Plaintiff with the chain of command she requested. The information shall be produced within 15 days of entry of this Order.

<u>Interrogatory No. 6</u>. This interrogatory requested the name, address and telephone number of every individual who has filed any claim, grievance, charge of discrimination or lawsuit involving sexual harassment, discrimination, retaliation or whistle blowing in the last 10 years; the outcome of the investigation; and any disciplinary action taken by the DOT.

The interrogatory was objected to as irrelevant, overly board, not limited in time, and not reasonably calculated to the lead to the discovery of admissible evidence. The DOT also objected on the grounds that the information sought may violate employee's privacy interests or may be covered by work product immunity and or attorney-client privilege.

The Court agrees that the interrogatory is overbroad. Plaintiff is, however, entitled to all information concerning all claims made against Defendant Garcia during his entire tenure with the DOT and that information shall be produced within 15 days of entry of this Order. If the DOT has a valid claim of privilege, it shall produce to Plaintiff and the Court a privilege log within the 15 days.

Interrogatory No. 7 requests information about all complaints made against the employee Plaintiff reported for falsifying time records. Defendant objected to this interrogatory as violating the employee's right to privacy, irrelevant and overly broad, and not reasonably limited in time. The DOT should have in its personnel files all complaints concerning the employee's work performance and attendance. This evidence is relevant as it goes to Plaintiff's claims of retaliation. The information shall be produced within 15 days of entry of this Order.

Request for Production (RFP) No. 3 seeks all documents concerning Plaintiff's complaints made to her employer. The RFP was objected to as violating the privacy of the individual accused of falsifying records, irrelevant, overly broad and being in the way of "a fishing expedition." None of these objections are valid.[2] Defendant also objects based on attorney-client privilege or work product immunity. The DOT states that it produced a privilege log. If Plaintiff finds the privilege log inadequate, she must produce it to the Court for a ruling. Defendant shall produce to Plaintiff all documents responsive to this request within 15 days of entry of this Order, except for documents withheld on the claims of privilege or immunity.

RFP 4, 5 and 6 All of these RFPs seek production of documents over a 10-year span concerning any complaints against any employee of the DOT and the resulting disciplinary action against those employees. It includes Defendant Garcia and two other named individuals, but is not limited to those individuals.

---

[2] The Court notes that in the DOT's Supplemental Response it has produced the other employees personnel file.

The Court agrees with Defendants that these requests are over broad in terms of time. In reviewing cases concerning these matters, a three to five year limit is deemed reasonable. *See Azimi v United Parcel Service, Inc.*, 2007 WL 2010937, *4 (D. Kan. 2007) (unpublished opinion) (citing cases); *Equal Employment Opportunity Comm'n v. Kansas City Southern Railway*, 195 F.R.D. 678, 679 (D. Kan. 2000) (citing cases).

Plaintiff seeks to substantiate her claims of sexual harassment and retaliation by showing other complaints, other inadequate investigations, or different outcomes for similar complaints. She is entitled to this information, but the Court finds that the scope shall be limited to four years prior to the events at issue in this case.

Defendant raised the objection of attorney-client privilege and work product immunity but failed to produce a privilege log. Defendant shall produce all documents requested during the time-period imposed by the Court within 30 days of entry of this Order. If Defendant claims any documents are protected by attorney-client privilege or work product immunity, Defendant shall produce its privilege log to the Court within the same 30 days.

RFP 9 Plaintiff requests all paperwork within the past 5 years related to the employee she accused of falsifying time records. This RFP is overly board on its face: it seeks time sheets, pay stubs, security badge readings, surveillance videos, etc. Defendant has produced this employee's personnel file and that is sufficient.

IT IS THEREFORE ORDERED that Plaintiff's Expedited Motion to Compel [Doc. 36] is granted in part and denied in part as stated herein.

IT IS SO ORDERED.

Richard L. Puglisi
Chief United States Magistrate Judge